UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORTNEY LAWRENCE McCARTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-11478** |
| **NELSON COLEMAN CORRECTIONAL CENTER** | **SECTION: "E"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Cortney Lawrence McCarter, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. The only defendant he named was the Nelson Coleman Correctional Center.[1]

The Court thereafter notified plaintiff that the Nelson Coleman Correctional Center is not a proper defendant and directed him to file an amended complaint to name a proper defendant or defendants.[2] The deadlines the Court set for the filing of an amended complaint have expired, and no amended complaint has been filed.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Rec. Doc. 1.
[2] Rec. Docs. 4 and 7.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983 (emphasis added).

As noted, the only defendant plaintiff has sued is the Nelson Coleman Correctional Center. However, as the Court notified him, the Nelson Coleman Correctional Center is a building, not a "person" subject to suit under § 1983. Langlinais v. Nelson Coleman Correctional Center, Civ. Action No. 13-3003, 2013 WL 5507303, at *1 (E.D. La. Oct. 2, 2013); Davis v. Nelson Coleman Correctional Center, Civ. Action No. 10-2257, 2010 WL 4935304, at *2 (E.D. La. Oct. 29, 2010), adopted, 2010 WL 4931883 (E.D. La. Nov. 30, 2010); Taylor v. Nelson Coleman Correctional Center, Civ. Action No. 10-841, 2010 WL 1979618, at *2 (E.D. La. Apr. 22, 2010), adopted, 2010 WL 1980406 (E.D. La. May 14, 2010); Diggs v. Nelson Coleman Correctional Center, Civ. Action No. 10-97, 2010 WL 1038229, at *3 (E.D. La. Feb. 17, 2010), adopted, 2010 WL 1038230 (E.D. La. Mar. 17, 2010). In light of that fact and the fact that plaintiff failed to comply with this Court's order directing him to file an amended complaint to name a proper defendant or defendants, this civil action should be dismissed.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of February, 2018.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**